JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Sarah Lancaster

**DEFENDANTS**
Nationwide Mutual Fire Insurance Company

(b) County of Residence of First Listed Plaintiff: Lackawanna
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: State of Ohio
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
A. James Hailstone, Esquire, ID #/80055 / Kreder Brooks Hailstone LLP
220 Penn Avenue, Suite 200, Scranton, PA 18503
(T) (570) 346-7922; email: jhailstone@kbh-law.com

Attorneys *(If Known)*
Pamela A. Carlos, Esquire, Bennett Bricklin & Saltzburg, LLP
1601 Market Street, 16th Floor, Philadelphia, PA 19103
(T) 215-665-3315; email: carlos@bbs-law.com

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Diversity

Brief description of cause:
Breach of Contract/Bad Faith

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE Honorable Malachy E. Mannion
DOCKET NUMBER 3:16-CV-364

DATE 12/9/16
SIGNATURE OF ATTORNEY OF RECORD KREDER BROOKS HAILSTONE LLP
A. James Hailstone, Esquire.

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SARAH LANCASTER, | : | |
| Plaintiff | : | CIVIL ACTION - LAW |
| v. | : | |
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | : | |
| Defendant | : | NO. _____ |

**COMPLAINT**

AND NOW, the Plaintiff, Sarah Lancaster, by and through her counsel, Kreder Books Hailstone LLP, brings this Complaint against the Defendant, Nationwide Mutual Fire Insurance Company, of which the following is a statement:

**PARTIES**

1. Plaintiff, Sarah Lancaster, is an adult individual with a principal place of residence at 106 Hope Way, Scranton, Lackawanna County, Pennsylvania.

2. Defendant, Nationwide Mutual Fire Insurance Company ("Nationwide"), is an insurance corporation organized and existing under the laws of the State of Ohio with a place of business located at 433 Green Ridge Street, Scranton, Lackawanna County, Pennsylvania and all times herein conducted business in Scranton, Lackwanna County, Pennsylvania.

## JURISDICTION

3. The controversy is between citizens of separate states and the amount in controversy is in excess of $75,000.00 therefore the United States District Court for the Middle District of Pennsylvania exercises jurisdiction.

## FACTS

4. On or about May 21, 2015, Plaintiff was an insured of Nationwide for accidental fire damage caused to her home pursuant to a written policy. A copy of the Policy is in the possession of Nationwide.

5. On or about May 21, 2015, an accidental fire caused substantial damage to the Premises with an estimated cost of repair in excess of $75,000.00.

6. Within a day of the loss, a claim was submitted to Nationwide by the Plaintiff by phone.

7. Written notice of the loss was forwarded to Nationwide on May 29, 2015, August 11, 2015 and September 9, 2015.

8. Nationwide denied payment of the claim under the pretense that the policy had been cancelled due to non-payment of the policy premium.

9. Subsequently to the denial, Nationwide contacted counsel for the Plaintiff to set up a time to assess the damage to the Property.

10. Nationwide never responded after the initial contact and never assessed the

property damage.

11. The policy requires that Nationwide renew the policy after mailing to the named insured, the Plaintiff, at her last known address, notice of premium required to renew or maintain the policy.

12. Nationwide never mailed to Plaintiff notice of the premium required to renew or maintain the policy prior to cancellation of the policy.

13. The policy also prohibits Nationwide from cancelling the policy unless it notifies the policy holder in writing at least 30 days prior to cancelling the policy.

14. Nationwide never provided any notice to Plaintiff of the intended cancellation.

15. The policy requires Nationwide to renew the policy unless the required notice is provided to the policy holder.

16. Nationwide never renewed the policy even though it had failed to inform the policy holder of the intended cancellation.

17. The Policy also requires Nationwide to notify the Plaintiff's Mortgagee, Habitat for Humanity, of any intended cancellation at least 10 days before the cancellation.

18. Nationwide failed to inform the Mortgagee of the intended cancellation as required by the policy.

## COUNT I - BREACH OF CONTRACT

19. Paragraphs 1-18 are incorporated herein and made a statement hereof.

20. At all times relevant Plaintiff, Sarah Lancaster, complied with the terms and conditions of the of the insurance contract yet Nationwide has denied the claim of the Plaintiff under the false pretense that the policy had been cancelled due to nonpayment of premium and the false claim that they never received timely notice of the loss.

21. Nationwide breached the policy of insurance by:

    a. Failing and refusing to pay the loss claim;

    b. Failing to mail to Plaintiff the notice of premium required to renew the policy of insurance;

    c. Failing to notify the Plaintiff of the intended cancellation of the policy;

    d. Failing to notify Plaintiff's Mortgagee of the intended cancellation.

22. As a direct and proximate result of the breach of contract the Plaintiff has suffered damages in an amount excess of $75,000.00.

23. The Breach of Contract was willful, wanton, malicious and therefore the Plaintiff should be awarded punitive damages against Nationwide.

WHEREFORE, it is respectfully requested that Plaintiff's requested relief be granted.

## COUNT II - BAD FAITH

24. Paragraphs 1-23 are incorporated herein and made a statement hereof.

25. Nationwide has a fiduciary, contractual and statutory duties to Plaintiff to handle claims involving it in good faith and with due care in order to arrive at a prompt, fair and equitable settlement of the claim.

26. Nationwide has failed and refused to pay Plaintiff and equitable and fair amount.

27. Nationwide breached its duty of good faith and due care to Plaintiff by focusing only upon its own economic considerations rather than the payment of the claim.

28. Nationwide acted in reckless disregard to the rights of the Plaintiff.

29. Nationwide acted in bad faith in violation of 42 Pa.C.S.A. § 8371.

30. The reckless and bad faith actions of Nationwide included, inter alia:

    a. Failing and refusing, without good reason, to pay the claims submitted;

    b. Failing to mail to Plaintiff the notice of premium required to renew the policy of insurance;

    c. Failing to notify the Plaintiff of the intended cancellation of the policy;

    d. Failing to notify Plaintiff's Mortgagee of the intended cancellation;

e. Failing to renew the Plaintiff's policy of insurance.

31. As a direct and proximate result of the actions of Nationwide, which constitute Bad Faith, the Plaintiff has been deprived of the money due and owing it which would be necessary to rehabilitate her home to make it habitable and also forced the Plaintiff to live away from her home since the fire.

32. Nationwide's bad faith actions have forced the Plaintiff to pursue litigation and incur costs and fees.

33. As a result of Nationwide's bad faith actions, the Plaintiff is entitled to recover the entire amount owed to her plus interest at an amount equal to the prime rate plus 3%; punitive damages; and reasonable counsel fees.

WHEREFORE, it is respectfully requested that Plaintiff's requested relief be granted.

KREDER BROOKS HAILSTONE LLP

220 Penn Avenue, Suite 200
Scranton, PA 18503          BY: /s/A. James Hailstone
(570) 346-7922                    A. James Hailstone
                                  Attorney I.D. #80055
                                  Attorneys for Plaintiff